IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


R. WAYNE JOHNSON,

      Plaintiff,

vs.                                                                                   No. CV 16-00971 KG/KBM

U.S. CONGRESSMAN (N.M.),
U.S. POSTAL SERV,
(DOES 1-10),

      Defendants.


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    **THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6) and 41(b) on the Original Complaint for Writ of Mandamus filed by Plaintiff, R. Wayne Johnson, on August 29, 2016. (Doc. 1) ("Original Complaint"). The Court will dismiss this case on the grounds that Plaintiff Johnson has failed to comply with a Court order, the Original Complaint fails to state a claim upon which relief can be granted, and the Original Complaint is patently frivolous.

    Plaintiff R. Wayne Johnson is a prisoner incarcerated at the William P. Clements Unit, Texas Department of Justice, in Amarillo, Texas. (Doc. 1 at 7). The allegations of the Original Complaint are largely unintelligible, but appear to assert two causes of action (1) for a writ of mandamus; and (2) under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Johnson seeks damages in an amount not less than $3.5 million. (Doc. 1 at 5). The Original Complaint names as Defendants "U.S. Congressman (N.M.)", "U.S. Postal Serv", and "Does 1-10". (Doc. 1 at 1). However, the Original Complaint does not allege any

1

conduct by any identified individual and does not specify any conduct occurring in or connected to New Mexico.

### I. Plaintiff has Failed to Comply with a Court Order:

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Johnson did not pay any filing fee when he instituted this action, nor did he submit an application to proceed *in forma pauperis.* On September 7, 2016, the Court entered an Order to Cure Deficiency, allowing him the opportunity to submit an *in forma pauperis* application and notifying him that, if he did not file an application or otherwise show cause why he should be excused from paying the filing fee, the case could be dismissed by the Court without further notice. (Doc. 3).

The Order directed him to file an application or otherwise show cause by October 11, 2016. (Doc. 3). The October 11, 2016 deadline has passed and Johnson did not file an application nor did he otherwise show cause why he should be excused from paying the filing fee. The Court takes judicial notice that, rather than filing an *in forma pauperis* application or otherwise responding to the Court's Order, Johnson filed a second lawsuit in this Court, *Johnson v. Garza, et al.,* No. CV 16-01078 JB/KK, naming as defendants the United States Magistrate Judge who entered the Order and the Clerk of the Court. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972) (the Court may take judicial notice of its own records). Johnson has failed to comply with the Court's September 7, 2016 Order and the case will be dismissed under rule 41(b).

## II. Plaintiff's Original Complaint Fails to State Any Claim for Relief:

Plaintiff Johnson is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly,* 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**A. Plaintiff's Request for Mandamus Fails to State a Claim for Relief.**

Johnson's first Cause of Action is for mandamus under 28 U.S.C. § 1361. Section 1361 states:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Mandamus is an "extraordinary remedy" that will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quotation omitted). To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate available remedy. *Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir.1988).

The Original Complaint wholly fails to state a claim for issuance of a writ of mandamus. Johnson's Cause of Action states "Defendants (does) are liable 28 USC 1361: district courts issue writ of mandamus on U.S. or-federal officers to compel performance of a <u>duty owed</u> the plaintiff." (Doc. 1 at 4-5, ¶ 9). The Original Complaint does not specify any clear right of the plaintiff to mandamus relief, does not identify a plainly defined and preemptory duty on the part of any defendant, and does not address the adequacy or availability of any other remedy. *Wilder v. Prokop,* 846 F.2d at 620. The Original Complaint is legally and factually insufficient under

Fed. R. Civ. P. 12(b)(6) to state a plausible claim for mandamus relief. *Twombly,* 550 U.S. at 570.

### B. Plaintiff Does Not State Any Claim for Relief Under *Bivens.*

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) creates a civil rights cause of action against federal officials similar to the cause of action 42 U.S.C. § 1983 creates against state officials. To state a claim for relief under *Bivens* or § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a civil rights action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of any act or omission by any individual, nor does it contain allegations that conduct by any individual resulted in deprivation

of a constitutional right. The mere naming of "U.S. Congressman (N.M.)" as a Defendant, without any allegations of personal involvement is insufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, *Bivens* only applies to individual federal officials, and *Bivens* claims for damages against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). Therefore, any *Bivens* claim for damages against the U.S. Postal Service also fails. Johnson's largely unintelligible recitations of vague legal principles are insufficient to state a plausible *Bivens* claim for relief. *Twombly,* 550 U.S. at 570.

### III. Plaintiff's Original Complaint is Frivolous and Amendment Would be Futile:

The Court declines to grant Johnson leave to amend his Original Complaint. R. Wayne Johnson is serving a Texas state sentence in the Texas prison system. His Original Complaint does not contain any allegation that would even imply he has a claim or cause of action related to New Mexico. To the contrary, a scribbled note at the end of his Original Complaint states:

> "Send to those you know-Best way to sue: (proof-<u>no</u> <u>mail</u> <u>rules</u>!)
> <u>nowhere U.S.A.</u> .<u>Jails</u>-<u>prisons</u>) Here (Tx) I add a U.S. Congressman <u>too</u>) . . .
> I trust you shoot me <u>post</u>-<u>card</u> to acknowledge this <u>U.S. History</u> suit!
> (Grin) 'Legal expert' 'R Wayne'"

Doc. 1 at 6). Absent even the slightest suggestion of a claim arising out of or connected to conduct in New Mexico, any amendment by Johnson would be futile. *Hall v. Bellmon,* 935 F.2d at 1109.

Although he did not seek to proceed *in forma* pauperis in this case, Johnson is a prisoner within the meaning of 28 U.S.C. § 1915 and has not paid the filing fee. The Court takes judicial

notice that he has instituted other litigation in this Court where he is seeking to proceed under § 1915. See *Johnson v. Garza, et al.,* No. CV 16-01078 JB/KK. A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993). The Court finds the claims asserted by Johnson are frivolous and malicious under 28 U.S.C. § 1915(e)(2).

The Court also takes notice that Johnson has filed at least 60 and, according to some sources, in excess of 160 cases in the courts of Texas, Alabama, California, Missouri, Oklahoma, and Tennessee. These cases span a period exceeding twenty-five years and none of them resulted in relief for Johnson. Johnson is under filing restrictions in many, if not all, of those jurisdictions and has already accumulated at least two "strikes" for purposes of § 1915. See *Johnson v. United States,* 2026 WL 3675403 (Fed. Cl. 2016) (imposing two strikes under § 1915); *Johnson v. U.S. Marine Corps.*, 2013 WL 3652377 ( N.D. Tx. 2013) (listing 63 federal court cases instituted by Johnson and noting that federal courts within the Fifth Circuit have imposed at least four strikes under § 1915). *See, also*, *Johnson v. Harrison,* No. 10-11-00032-CV (Ct. App. Tx. 2013) (listing 108 cases filed by Johnson in the state courts of Texas and noting his "vexatious litigant" status). This Court counts the dismissal of this action as a third strike as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). Johnson may not proceed *in forma pauperis* in civil actions before this court unless he is under imminent danger of serious physical injury. § 1915(g).

The Original Complaint is almost devoid of factual allegations. To the extent there even are any, the factual allegations are clearly baseless. The Original Complaint fails to state any plausible claim for relief and will be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

*Twombly,* 550 U.S. at 570.

### IV. The Court Will Impose Filing Restrictions.

Although Johnson has only filed two lawsuits in this District, because both of those suits are baseless and in light of Johnson's lengthy and abusive litigation history in other courts, this Court will impose filing restrictions on Johnson. Johnson is prohibited from initiating further civil litigation, including habeas corpus proceedings, in this Court and the Clerk is directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Johnson first obtains permission to proceed *pro se* from the Court.

To obtain permission to proceed *pro se,* Johnson must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Johnson's knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of whether to permit filing of the *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of a District Judge, the Clerk will be directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

**IT IS ORDERED:**

(**1**) the Original Complaint for Writ of Mandamus filed by Plaintiff, R. Wayne Johnson, on August 29, 2016 (Doc. 1) is **DISMISSED** with prejudice and Judgment will be entered;

**(2)** the Court imposes a **THIRD STRIKE** against Johnson under 28 U.S.C. § 1915(g). Johnson may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury; and

**(3) FILING RESTRICTIONS** are imposed on Johnson. Johnson is prohibited from initiating any civil proceeding in this Court and the Clerk is directed to return without filing any initial pleading the he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Johnson first obtains permission to proceed *pro se* from the Court. To obtain permission to proceed *pro se,* Johnson must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of whether to permit filing of the *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of a District Judge, the Clerk will be directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

_____
UNITED STATES DISTRICT JUDGE